IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE E. NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-063 |
| | ) | |
| BRIAN OWENS, Vice-Chairman, and | ) | |
| WILLIAM CURRY, District Operation | ) | |
| Manager, | ) | |
| | ) | |
| Defendants. | ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) However, upon initial review of Plaintiff's filings, the Court was unable to determine whether he is attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief. In an Order dated August 23, 2019, the Court explained to Plaintiff the difference between a § 1983 complaint and a petition for habeas corpus relief and instructed him that he must make a selection as to which type of case he intended to bring. (See doc. no. 4.)

The Court also instructed the Clerk to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service copy of the August 23rd Order. (Id. at 2.) The

Court directed Plaintiff to make his selection as to a civil rights or habeas corpus case by returning the appropriate form of the two provided by the Clerk.  (Id. at 2.)  The Court cautioned Plaintiff he should submit only one form in response to the Order and that his failure to comply with the terms of the August 23rd Order within fourteen days may result in a recommendation that this case be dismissed.[1]  (Id. at 3.)

Plaintiff did not respond to the Court's Order directing him to identify the type of case he wants to pursue.  Problematically, Plaintiff's refusal to respond as instructed in the instant case leaves the Court faced with the prospect of a stagnant case that cannot move forward.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable

---

[1] The Court also explained that because it was unclear whether Plaintiff intended to proceed with a habeas corpus case or § 1983 civil rights case, it was also unclear whether Plaintiff, through his IFP motion, was contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint. (Doc. no. 4, p. 2.)

promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Court ordered Plaintiff to make a selection as to whether he sought to pursue monetary relief under § 1983 or habeas corpus relief in the form of release from prison and to set forth his claims on the standard form used by incarcerated litigants in the Southern District of Georgia. (Doc. no. 4.) The Court also explained to Plaintiff the difference between a § 1983 civil rights case and a habeas corpus case. (Id. at 1-2.) Furthermore, the Court warned Plaintiff that failing to make an election as to the type of case he intends to pursue would result in a recommendation for dismissal of this case without prejudice. (See id. at 3.)

Plaintiff's failure to comply with the terms of the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case. This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what type of case he intends to pursue and the basis for his claims. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

adjudication on the merits.[2]  See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  See Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with court instructions to select civil rights or habeas corpus relief).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** the motion to proceed IFP be **DENIED** as **MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 16th day of September, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).